IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH MAYDAK, | ) | |
|       Plaintiff | ) | |
| | ) | |
|   vs. | ) | Civil Action No. 07-1329 |
| | ) | Judge Gary L. Lancaster/ |
| COUNTY OF ALLEGHENY, | ) | Chief Magistrate Judge Amy Reynolds Hay |
| PENNSYLVANIA; INC.; RAMON | ) | |
| RUSTIN; CALVIN LIGHTFOOT; FRED | ) | |
| ROSEMEYER;DAN ONORATO, | ) | |
|       Defendants | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the Amended Complaint in the above-captioned case (Doc. 5) be dismissed for failure to prosecute.

II.    Report

The plaintiff, Keith Maydak, has presented a civil rights complaint against the above noted defendants, complaining about the sanitary conditions of the Allegheny County Jail, where Mr. Maydak was housed at one time.

On several occasions during the course of this case, the plaintiff failed to comply with filing deadlines and did not timely request extensions of time to meet said deadlines, resulting in additional court orders directing compliance with previous orders and/or new deadlines. Ultimately, the County Defendants filed a motion to extend the time for filing their motion for summary judgment, asserting that plaintiff (1) had indicated in a court filing that he

no longer wished to pursue this case and (2) had resisted defense efforts to depose him. These defendants asked for an enlargement of time before being required to file their motion for summary judgment, in order to depose plaintiff to determine whether he intended to proceed with this case. The Court granted the County Defendants' request. Thereafter, plaintiff failed to appear for the deposition as noticed and the County Defendants moved to compel plaintiff's attendance. The Court granted the motion. The plaintiff moved for reconsideration, which the Court denied. The plaintiff then appealed to the District Judge, who denied the appeal. The plaintiff again failed to appear for his deposition and the County Defendants moved to dismiss the action upon plaintiff's failure to prosecute his case.

As we noted in our Memorandum Order of September 3, 2009, we were not persuaded by plaintiff's claims that he risked the loss of certain rights under treaties or conventions if he appeared in Pittsburgh for his deposition, nor were we persuaded by his claim of indigence. As discussed in that Memorandum Order, the plaintiff is an extremely experienced pro se litigator who has filed or participated in over 100 cases or appeals in the federal courts. Having so much experience in such litigation, he knew what he was potentially subjecting himself to by seeking to participate in this litigation and he knew that eventually he would have to appear at trial in order to prosecute this case to completion, if indeed, that was his intention.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

      (1)      The extent of the party's personal responsibility.

      (2)      The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

      (3)      A history of dilatoriness.

      (4)      Whether the conduct of the party or the attorney was willful or in bad faith.

      (5)      The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

      (6)      The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders. The prosecution of his case, which includes compliance with court orders, is solely plaintiff's personal responsibility and his continuing failure to comply with the orders of this Court appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Indeed, plaintiff claimed previously that he would require several months to gather sufficient funds to attend his deposition since he has not been in the United States

"voluntarily" since 2001.[1] (Doc. 36). Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 9 December, 2009

cc: Hon. Gary L. Lancaster
Chief District Judge

Keith Maydak
613 Cross Street
East McKeesport, PA 15035

All counsel of record by Notice of Electronic Filing

---

[1] Plaintiff has claimed to reside in Panama, among other locations. At times, however, the speed with which plaintiff's filings reached this Court cast doubt on this assertion. See e.g., Doc. 36, filed two business days after the County Defendants noticed his deposition.